UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x   Civil Action No.
   JAMES H. BRADY,      20-CV-7047 (LJL)

                            Plaintiff,

   -against-

   GREGORY SHEINDLIN, ESQ, and
   THE SHEINDLIN LAW FIRM,

                        Defendants.
-------------------------------------------------------------------x

## MEMORANDUM OF LAW

By: Gregory Sheindlin (GS-9182)

Sheindlin Law Firm
*Attorneys for Defendants*
*Gregory Sheindlin, Esq. and Sheindlin Law Firm*
200 Vesey Street, 24th Floor
New York, New York 10281
Tel. (212) 625-8030

## TABLE OF CONTENTS

TABLE OF CONTENTS ………………………………………………………………….……... i

TABLE OF AUTHORITIES …………………………………………………………………... ii-iii

PRELIMINARY STATEMENT ……………………………………………………………….… 1

STATEMENT OF FACTS ……………………………………………………………………….. 2

ARGUMENT …………………………………………………………………………………….. 5

    I.    The Court Lacks Subject Matter Jurisdiction Over the Claims Concerning *IGS Realty I* Because of the *Rooker-Feldman* Doctrine ………………………………... 5

    II.    The Doctrines of *Res Judicata* and Collateral Estoppel Bar Plaintiff's Claims …… 7

    III.    The *Noerr-Pennington* Doctrine Bars Plaintiff's Claims ………………………….. 7

CONCLUSION ............................................................................................................................... 8

## TABLE OF AUTHORITIES

*Bath Petroleum Storage, Inc. v. Market Hub Partners L.P.*,
229 F.3d 1135 (2d Cir., Oct. 11, 2000) ............................................................................... 7

*Brady v. IGS Realty*, Case No. 19-cv-10142 (PAE) (OTW) (S.D.N.Y. 07/20/2020)
[Report & Recommendation] …………………………………………………….. 1, 3

*Brady v. IGS Realty*, Case No. 19-cv-10142 (PAE) (OTW) (S.D.N.Y. 07/20/2020)
[Order to Show Cause] …………………………………………………………. 3

*Brady v. IGS Realty*, Case No. 19-cv-10142 (PAE) (OTW)
(S.D.N.Y. 09/08/2020) …………………………………………………………. 1, 4, 7

*Brady v. IGS Realty*, Case No. 19-cv-10142 (PAE) (OTW)
(S.D.N.Y. 10/13/2020) …………………………………………………………. 1, 4, 5, 7

*D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) ……………………………… 6

*Fitzgerald v. First East Seventh Street Tenants Corp.*,
221 F.3d 352 (2d Cir. 2000) …………………………………………………………. 1, 2

*Freeman v. Lasky, Haas, Cohler*,
410 F.3d 1180, 1186 (9th Cir. 2005) ................................................................................ 7

*Gould v. Airway Off., LLC*, No. 15 Civ. 7964 (PAE), 2016 WL 3948102, at *3
(S.D.N.Y. July 19, 2016) …………………………………………………………. 6

*Ginx, Inc. v. Soho Alliance*,
720 F. Supp. 2d 342, 363-64 (SDNY 2010) ....................................................................7

*Hoblock v. Albany Cnty. Bd. Of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) ………… 5, 6

*IGS Realty Co, L.P. v. Brady*, 32 N.Y. 3d 901 (2018) ………………………………. 3

*IGS Realty Co, L.P.*, 32 NY3d 1053 (2018) ……………………………………… 3

*IGS Realty Co., L.P. v. Brady*, 162 AD 3d 444 (1st Dept. 2018) …………………… 3

*IGS Realty Co, LP v. Brady*, 149 AD3d 524 (1st Dept. 2017) ……………………… 3

*Lipin v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 202 F. Supp. 2d 126, 133 (S.D.N.Y. 2002) ……………………………………………………………………... 6

*Noerr-Pennington* doctrine (See *Suburban Restoration Co, v. ACMAT Corp.*, 700 F.2d 98 [2d Cir. 1983]) …………………………………………………………. 2

*Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923) ……………………………………….. 6

*Brady v. IGS Realty Co, LP, Case No. 19-cv-10142 (S.D.N.Y. 10/13/2020)* ………..... 1, 4, 7

*Suburban Restoration Co, v. ACMAT Corp.*,
700 F.2d 98 (2d Cir. 1983) ........................................................................................ 2, 7

**<u>RULES</u>**
*F.R.C.P. 12(b)(6)* ..................................................................................................... 1, 8

*28 U.S.C. § 1257* …………………………………………………………………..... 5

## PRELIMINARY STATEMENT

Frivolous actions, such as the present action, should be dismissed pursuant to a Rule 12(b)(6) motion or *sua sponte* pursuant to the courts' inherent authority. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 352 (2d Cir. 2000) [Courts' inherent authority to dismiss frivolous action *sua sponte*]. As a matter of legal precedent, Plaintiff James H. Brady ("Brady") is a serial litigator who files frivolous lawsuits against his adversaries, their lawyers and judicial officials in his incessant quest to collaterally attack the validity of a judgment against him from a state-court action titled *IGS Realty Co, LP v. Brady* (Sup. Ct. N.Y. Cty.), Index No. 603561/2009 ("*IGS Realty I*"). See *Brady v. IGS Realty Co., LP*, Case No. 19-cv-10142 (PAE) (OTW) ("*Brady I*") (S.D.N.Y. 07/20/2020) [In support of Magistrate Judge Ona T. Wang's Report recommending a dismissal of Brady's action, it discussed facts regarding Brady's serial litigation conduct] (*ECF 50*[1]); *Id.* (S.D.N.Y. 09/08/2020) [In support of court's Decision to dismiss Brady's action, it described its adoption of facts in Judge Wang's Report] (*ECF 51*); and *Id.* (S.D.N.Y. 10/13/2020) [In support of court's Decision to issue a filing injunction, it discussed trend for Brady to sue those who represent his adversaries] (*ECF 86*). Here, Brady's Second Amended Complaint ("SAC") is, once again, collaterally attacking the validity of the judgment in *IGS Realty I*, although this time it is under the guise of suing its attorneys for alleged improprieties during the litigation and enforcement of the judgment. See *Exh. A*, ¶¶ 2, 13, 14, 15, 20, 21, 24. Brady's action should be dismissed in its entirety and with prejudice pursuant to

---

[1] All ECF references will be for documents filed in *Brady I*.

1

the *Rooker-Feldman* doctrine, res judicata, collateral estoppel, the *Noerr-Pennington* doctrine (See *Suburban Restoration Co, v. ACMAT Corp.*, 700 F.2d 98 [2d Cir. 1983]) or *sua sponte* pursuant to the Court's inherent authority. *Fitzgerald*, *Supra*.

## STATEMENT OF FACTS

*IGS Realty I* was commenced in 2009. The action arises from a state-court litigation by IGS Realty Co, LP ("IGS") against Brady, as the guarantor of unpaid rents for commercial spaces leased by three companies wholly owned by Brady. *Exh. A* [*Sub-exhibit 3 of the SAC,* Def. 21[2]]. On June 26, 2015, a jury rendered a verdict in favor of IGS and against Brady for breach of the guarantee agreements. *Id.* (*Sub-exhibit 5,* Def. 117-119 [Trial Transcript]). On May 31, 2017, the court (Ostrager, J.) entered judgment against Brady in the amount of $1,458,002.33 ("Judgment"). *Exh. A* (*Sub-exhibit 7,* Def. 142-146). In *IGS Realty I*, Sheindlin represented IGS in its hearing to determine attorneys' fees and, later, for the filing of the Judgment. *Sheindlin Decl.,* ¶4; *Exh. A* (*Sub-exhibit 7,* Def. 142-146 [Judgment]).

On October 27, 2017, IGS filed an Article 52 enforcement proceeding, captioned *IGS Realty Co, LP v. James Brady et. al.*, index number 159554/2017, to enforce the Judgment. *Exh. A* (*Sub-exhibit 4*, Def. 32-48). On September 4, 2018, IGS received full payment (*Exh. A* (*Sub-exhibit 1,* Def. 15 [Check payable to Marshall] for the Judgment and filed its Satisfaction of Judgment[3] (*Exh. B*).

---

2. The SAC inclusive of its supporting exhibits 1-7 contains 146 pages. For efficiency in identifying referenced pages, the SAC pages were "Bates-stamped" Def. 1-146.
3. Defendants' respectfully request the Court take judicial notice of this e-filed document, *NYSCEF Doc. No. 345*, in *IGS Realty I*.

In *IGS Realty I*, the Court of Appeals and Appellate Division considered and denied Brady's appeals and motions that argued against the validity of the judgment and its enforcement. *IGS Realty Co, L.P. v. Brady*, 32 NY3d 901 (2018) [Denied motion for leave to appeal], *IGS Realty Co, L.P.*, 32 NY3d 1053 (2018) [Denied motion to reargue] and *IGS Realty Co., L.P. v. Brady*, 162 AD 3d 444 (1st Dept. 2018) [Affirmed Judgment and noted that Brady's arguments on this appeal were previously raised and rejected]; and *IGS Realty Co, LP v. Brady*, 149 AD3d 524 (1st Dept. 2017) [Affirmed trial court's denial of Brady's motion to set aside the jury verdict].

On October 31, 2019, in *Brady I*, Brady filed a 66-page complaint against IGS that contained allegations about improprieties during the litigation and enforcement of the Judgment (*Exh. C*, ¶¶12-13, 79-90, 95, 97). The complaint was replete with statements criticizing the presiding judge's conduct during the state-court proceedings (*Id.*, ¶¶30-31, 35, 49, 50-69, 95, 98). Brady's complaint requested a declaratory judgment finding that there has never been an enforceable judgment in *IGS Realty I* (*Id.*, ¶129, 133), the personal guarantees are void (*Id.*, ¶130, 132) and his state court counterclaims should be decided in his favor (*Id.*, ¶131). It also requested pecuniary relief for fraud in the inducement (*Id.*, ¶137-161 and 184-198), breach of contract against IGS (*Id.*, ¶¶162-174), negligent misrepresentation (*Id.*, ¶¶175-183), tortious interference with contract (*Id.*, ¶¶199-202), violations of 42 U.S.C. § 1985 predicated on a conspiracy with a state actor (*Id.*, ¶¶203-207), negligence and gross negligence (*Id.*, ¶¶208-214), and unjust enrichment (*Id.*, ¶¶215-219).

On July 20, 2020, in *Brady I*, Judge Wang issued a Report (*ECF 30*) recommending the dismissal of Brady's claims. Also, on July 20, 2020, Judge Wang issued an Order (*ECF 31*) for

Brady to show cause why the court should not issue a filing injunction against him.

On August 30, 2020, Brady commenced the present action against Sheindlin by filing his Complaint. Brady commenced this action despite knowing that Judge Wang's Report described similar claims as frivolous, recommended their dismissal and the court was actively considering whether to grant a filing injunction against further similar claims. *Id.*

On September 1, 2020, Brady filed his first Amended Complaint.

On September 8, 2020, in *Brady I*, the court issued a Decision (*ECF 51*) that adopted the factual findings in Judge Wang's Report and ordered the dismissal of Brady's claims against IGS (*Id.,* pp. 2, 9-15; *ECF 50*).

On September 30, 2020, in the present action, Brady filed his SAC. *Exh. A*. On the same date, Sheindlin received and email with the SAC attached. *Sheindlin Decl.* ¶¶ 9, 10. This is when Sheindlin initially learned about Brady's action against them. *Id.*

On October 13, 2020, in *Brady I*, the court issued its Decision (*ECF 86*) granting IGS' request for a filing injunction. In pertinent, part the Decision stated:

> The instant actions arises from events that have been the subject of lawsuits since 2009, when defendants IGS Realty L.P. and Philippe Ifrah (the "IGS Defendants") sued Brady for his failure to make payments under personal guarantees (the "personal Guarantees") that he had signed relating to three commercial leases at 336 West 37th Street in New York City. (the "IGS Lease Agreements"). See, *Brady v. IGS Realty Co., L.P.*, No. 19 Civ. 10142 ("*IGS Realty II*"), Dkt. 1 ("Compl.") ¶¶6-7; *IGS Realty Co., L.P. v. Brady* ("*IGS Realty I*"), Index No. 603561/2009 (N.Y. Sup. Ct. filed Dec. 2, 2009). *See, Brady I* (Order, dated 10/13/20; ECF 86). . . .

> Brady lost [the action]. In June 2015, after a trial presided over by New York State Supreme Court Justice Barry R. Ostrager, a unanimous jury found Brady in breach of the Personal Guarantees of the IGS Lease Agreements and rejected Brady's defenses and counterclaims. *See* September 8 Opinion at 3. . . .

4

> Since those lawsuits arose, Brady has launched a series of actions, in this Court and in state court, arising from these events and collaterally attacking aspects of the state court proceedings. *See* July 20 Report at 2-5, 27-28, 32 (collecting instances of Brady's litigation of these and other issues). Most recently (as far as this Court is aware), Brady sued IGS Defendants' lawyer in *IGS Realty II* concerning his role n the events complained of in that case. *See Brady v. Sheindlin*, No. 20 Civ. 7047, Dkts. 1, 6 (S.D.N.Y. filed Aug. 30, 2020).

*Id.*, pp. 2-3. The Decision further stated:

> Perhaps most troubling, in August 2020 – after Judge Wang recommended the dismissal of Brady's claims without leave to replead, and after she ordered Brady to show cause why she should not recommend the imposition of a filing injunction – Brady filed yet *another* action concerning the IGS Lease Agreements. *See Sheindlin*, No. 20 Civ. 7047, Dkt. 1 (S.D.N.Y. filed Aug. 30, 2020); *see also id.*, Dkt 6 ("*Sheindlin* SAC"). This time, he sued the attorney who had represented the IGS Defendants in *IGS Realty II*, Gregory Sheindlin. *Sheindlin* SAC. The claims in that action concern the same state-court adjudication of the validity of the IGS Lease Agreements and Brady's related Personal Guarantees as did *IGS Realty II*, albeit under the guise of different causes of action and legal theories, and against a different, but related defendant. *See id.*, ¶¶ 13-15, 40-63. . . . It also confirms a disturbing trend in which Brady drags parties into court whose only apparent wrong had been to represent his adversaries in litigation. . . ."

*Id.*, p.6.

On October 20, 2020, Sheindlin filed a letter with the Court that requested it to dismiss Brady's action, *sua sponte*, or, alternatively, to set a motion schedule. *Exh. D*.

## ARGUMENT

### A. The Court lacks Subject Matter Jurisdiction Over the Claims Concerning *IGS Realty I* Because of the *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine reflects "the principle expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme court may review state-court decisions." *Hoblock v. Albany Cnty. Bd. Of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). *See*

5

generally *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923). Accordingly, it bars federal district courts from exercising jurisdiction over a suit that is "in fact a collateral attack on a final state court judgment." *Lipin v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 202 F. Supp. 2d 126, 133 (S.D.N.Y. 2002); *see Gould v. Airway Off., LLC*, No. 15 Civ. 7964 (PAE), 2016 WL 3948102, at *3 (S.D.N.Y. July 19, 2016).

As the Second Circuit has explained, the *Rooker-Feldman* doctrine applies where four requirements are met: (1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state-court judgment; (3) the plaintiff invites review and rejection of that state-court judgment; and (4) the state-court judgment became final before the district court proceedings commenced. *Hoblock*, 422 F.3d at 85. "The first and fourth of these requirements may be loosely termed procedural; the second and third may be termed substantive." *Id*.

Here, the procedural requirements are met. It is undisputed that the federal-plaintiff, Brady, lost in state court and the judgment became final on May 31, 2017 before the district court proceedings were commenced. *Exh. A,* Def. 139-146 [Judgment]. Accordingly, the first and fourth requirements of the *Rooker-Feldman* doctrine are satisfied.

The second and third requirements of the *Rooker-Feldman* doctrine are satisfied because throughout Brady's Complaint he complains of injuries caused by the state-court judgment and invites review of and rejection of the state-court judgment.

Based on the foregoing, the Court lacks subject matter jurisdiction over the claims concerning *IGS Realty I* because of the *Rooker-Feldman* doctrine.

### B. The Doctrines of *Res Judicata* and Collateral Estoppel Bar Plaintiff's Claims

Brady's action should be dismissed pursuant to *res judicata* and collateral estoppel. Brady seeks to do the same thing in the present action as he unsuccessfully tried to do in *Brady I*, *i.e.*, collaterally attack the state-court action. This action should be dismissed in its entirety and with prejudice for the same reasons cited in the Decision of *Brady I* (S.D.N.Y. 09/08/2020 at pp. 13-15).

### C. The *Noerr-Pennington* Doctrine Bars Plaintiff's Claims

Pursuant to the *Noerr-Pennington* doctrine, courts recognize that a party's petition to the government are immune from liability. See *Suburban Restoration Co, v. ACMAT Corp.*, 700 F.2d 98 (2d Cir. 1983). Petitioning activities include filing complaints and other documents in court in civil actions. See, *Ginx, Inc. v. Soho Alliance*, 720 F. Supp. 2d 342, 363-64 (S.D.N.Y. 2010). *Noerr-Pennington* immunity has been extended to RICO actions as well as state law claims for fraud where such claims are premised on litigation or litigation-related activity. See, *Bath Petroleum Storage, Inc. v. Market Hub Partners L.P.*, 229 F.3d 1135 (2d Cir., Oct. 11, 2000). And the *Noerr-Pennington* doctrine is applicable to immunize attorneys of the petitioning party as their agents. See, *Freeman v. Lasky, Haas, Cohler*, 410 F.3d 1180, 1186 (9th Cir. 2005).

Here, as confirmed in the Decision of *Brady I* (S.D.N.Y., 10/13/2020, p. 6), Brady is seeking to relitigate and collaterally attack the state court proceedings by suing Sheindlin whose only apparent wrong had been to represent his adversaries in litigation.

## CONCLUSION

Defendants request that the Court grant this motion including the dismissal with prejudice of plaintiff's Amended Complaint and grant such other relief as the Court deems just and proper.

Dated:   New York, New York
             November 5, 2020

*Gregory Sheindlin*
_____
Gregory Sheindlin, Esq.

Sheindlin Law Firm
*Attorneys for Defendants*
*Gregory Sheindlin Esq. and Sheindlin Law Firm*
200 Vesey Street, 24th Floor
New York, New York 10281
Tel. (212) 625-8030

To:
James H. Brady
6510 Sicomac Avenue
Wyckoff, New Jersey 07481
Tel. (201) 923-5511
Email: *bradyny@gmail.com*