```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
JAMES BRADY,                                                     :
                                                                 :
                                Plaintiff,                       :
                                                                 :         20-cv-7047 (LJL)
                -v-                                              :
                                                                 :         OPINION AND ORDER
GREGORY SHEINDLIN and THE SHEINDLIN LAW                          :
FIRM,                                                            :
                                                                 :
                                Defendants.                      :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff James H. Brady ("Plaintiff" or "Brady") brings this action against a lawyer and his law firm, Gregory Sheindlin and the Sheindlin Law Firm ("Defendants"), for damages he allegedly suffered when a state court judgment against him and in favor of the lawyer's client was obtained and enforced. Defendants move to dismiss the complaint. For the following reasons, the motion to dismiss is granted.

## BACKGROUND

This lawsuit arises out of a state court lawsuit ("State Court Action") brought by non-party IGS Realty Co., L.P. ("IGS Realty") against Brady as the guarantor of unpaid rent for commercial spaces leased by three companies owned by Brady. On June 26, 2015, a jury rendered a verdict in favor of IGS and against Brady for breach of the guarantee agreements. Dkt. No. 6-5 at 70-71. Specifically, the jury unanimously found for IGS Realty on its claim of breach of contract and against Brady on his claims that IGS Realty breached the implied warranty that the premises were fit for the uses stated in the leases and that IGS Realty fraudulently induced him to sign the leases and guarantees. *Id.* On May 31, 2017, the state court

entered judgment against Brady in the amount of $1,458,002.23.  Dkt. No. 6-7 ("Judgment").
On October 27, 2017, IGS Realty filed an Article 52 enforcement proceeding to enforce the
judgment.  Dkt. No. 16-1 at 32-46.  On September 4, 2018, IGS Realty received full payment for
the Judgment and filed a Satisfaction of Judgment.  Defendants represented IGS Realty in the
hearing to determine attorneys' fees and in making the motion for the Judgment.  Dkt. No. 6-7.

The essence of Plaintiff's claim here is that there were a variety of improprieties in the
State Court Action of which Defendants were aware and as a result, the Judgment should not
have been entered against him.  In his brief in opposition to the motion to dismiss, Plaintiff
states, for example, "Plaintiff's evidence proves the New York State Courts refused to adjudicate
the issue [of whether the personal guarantee was enforceable] because it could only be
adjudicated in Plaintiff's favor because of the admissions of IGS Realty principle [sic] Philippe
Ifrah and his attorney Robert Fass."  Dkt. No. 17 at 22.  The opposition brief continues,
"Plaintiff's evidence proves [Defendants] obtained a financial judgment by fraudulently
misrepresenting through implication that Question Number One of the Interrogatories was a jury
finding that the personal guarantees were enforceable, and that Questions No. 2 and 3 were jury
findings rejecting Plaintiff's defenses to the enforceability of the personal guarantees."  *Id.*  The
operative complaint alleges "[Defendants] used false instruments in order to defraud the New
York State Court into believing that there was a valid judgment against James H. Brady on
Personal Guarantees with IGS Realty in order to collect $1,705,535.71."  Dkt. No. 6
("Complaint" or "Compl.") ¶ 13.  Referring to an interrogatory response in the State Court
Action, the Complaint continues, "Scheindlin . . . falsely assert[ed] that Question No. 1 of the
Interrogatories was an adjudication that [Brady] was liable under the Personal Guarantees,
[however] IGS Realty's trial attorney Robert Fass . . . admitt[ed] that Question No. 1 had

absolutely nothing to do with the issue of whether the Personal Guarantees were enforceable." *Id.* ¶ 15.

Plaintiff brings claims for common law fraud, unjust enrichment, "prima facie tort," mail and wire fraud pursuant to 18 U.S.C. § 1343, RICO violation pursuant to 18 U.S.C. § 1961, and conspiracy against rights pursuant to 18 U.S.C. § 241. Defendants move to dismiss on the grounds that the Court lacks subject matter jurisdiction because of the *Rooker-Feldman* doctrine and that Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel and the *Noerr-Pennington* doctrine. Dkt. No. 15.

## LEGAL STANDARDS

Fed. R. Civ. P. 12(b)(1) permits a party, before answering, to plead that the court lacks subject-matter jurisdiction. A court properly dismisses a claim for lack of subject matter jurisdiction under Rule 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate it." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416-17 (2d Cir. 2015). When subject matter jurisdiction is challenged, a plaintiff "bear[s] the burden of 'showing by a preponderance of the evidence that subject matter jurisdiction exists.'" *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (quoting *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003)). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d. Cir. 2008).

Under Fed. R. Civ. P. 12(b)(6), the court must dismiss the complaint if it fails to state a claim on which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A complaint must offer more than "labels and

conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal. *Twombly*, 550 U.S. at 555, 557. The ultimate question is whether "[a] claim has facial plausibility, [i.e.,] the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Put another way, the plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." *Twombly*, 550 U.S. at 556; *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011).

"Where, as here, the complaint was filed *pro se*, it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (citing *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). "Nonetheless, a pro se complaint must state a plausible claim for relief," *id*. (citing *Harris v. Mills*, 572 F.3d 66, 73 (2d Cir. 2009)), and *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law," *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

## DISCUSSION

The *Rooker-Feldman* doctrine "established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). The doctrine is addressed to claims by parties that have lost in state court and are in federal district court "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 85

(quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  The doctrine applies when four elements are met: (1) the federal court plaintiff has lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the plaintiff invites district court review and rejection of the judgment; and (4) the state court judgment was rendered before the district court proceedings commenced.  *Id.*

Defendants have established that Plaintiff's complaint is barred by the *Rooker-Feldman* doctrine and the Court lacks subject matter jurisdiction over this action.  The first and fourth criteria of the *Rooker-Feldman* doctrine are clearly and indisputably established.  Plaintiff lost the State Court Action and his counterclaims in state court, and the Judgment was rendered before the proceedings here commenced.

The second and third elements of the *Rooker-Feldman* doctrine also are established.  The Second Circuit has held that "a federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third-party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it."  *Hoblock*, 422 F.3d at 88.  "Where a state-court judgment causes the challenged third-party action, any challenge to that third-party action is necessarily the kind of challenge to the state judgment that only the Supreme Court can hear."  *Id.*  Thus, for example, in *Hoblock*, the Second Circuit offered as an example of a case to which the *Rooker-Feldman* doctrine applied a child-custody dispute in which the plaintiff complained of injury suffered when "state officials who took custody of his child" pursuant to a state judgment rather than challenging the state court order itself.  *Id.*  The Second Circuit admonished that a plaintiff "surely" cannot avoid *Rooker-Feldman* by such "clever pleading:" "in some circumstances, federal suits that purport to complain of injury by individuals in reality complain of injury by state-court judgments."  *Id.*

5

The pleaded facts here are materially indistinguishable from the hypothetical in *Hoblock*. Although Plaintiff does not formally seek relief from the state court judgment itself, his sole complaint is that he suffered injury as a result of the enforcement of the Judgment and he complains not of any independently wrongful conduct of Defendants in enforcing the judgment, but simply that they took actions in state court to effect the judgment and that they knew that the judgment should not have been entered against him. Indeed, more recently the Second Circuit addressed a scenario directly analogous to this case in *Vossbrink v. Accredited Home Lenders, Inc.*, 773 F.3d 43 (2d Cir. 2014) (per curiam). There, a plaintiff brought claims against his lender and the assignee of his mortgage, alleging that foreclosure judgment issued against him in state court had been fraudulently obtained. *Id*. at 425-26. The plaintiff alleged that the defendants had "(1) misrepresent[ed] that they had standing to seek foreclosure," as the assignee allegedly lacked standing to join the foreclosure action as substitute plaintiff, and "(2) submitted fraudulent title documents in the state action." *Id*. at 427. The Second Circuit held that the plaintiff's claims were barred by *Rooker-Feldman* because he was "asking the federal court to determine whether the state judgment was wrongfully issued" and granting the relief he requested "would require the federal court to review the state proceedings and determine that the [] judgment was issued in error." *Id*.

Those cases squarely apply here. Plaintiff's suit is a naked back-door collateral attack on a state court judgment. It cannot be entertained without opening the federal courthouse doors to any plaintiff who complains not that a state court judgment is invalid but that it should not be enforced. The state court judgment produced "the very injury" of which Plaintiff complains. *Hoblock*, 422 F.3d at 88. The second element of the *Rooker-Feldman* doctrine thus is satisfied.

The third element also is satisfied.  To be sure, Plaintiff here asserts claims and relies on theories different from those he asserted in state court.  For example, the Complaint alleges a RICO violation.  But, the Second Circuit has held "[j]ust presenting in federal court a legal theory not raised in state court . . . cannot insulate a federal plaintiff's suit from *Rooker-Feldman*. *Id.* at 86; *see id.* at 87 ("[A] federal suit is not free from *Rooker-Feldman*'s bar simply because the suit proceeds on legal theories not addressed in state court."); *see, e.g. Green v. Kadilac Mortg. Bankers, Ltd.*, 936 F. Supp. 108, 114 (S.D.N.Y. 1996) (a losing party in state court "may not relitigate these issues by recasting their assertions as the basis for a . . . conspiracy claim"); *see also Wallis v. Fifth Third Bank*, 443 F. App'x 202, 205 (7th Cir. 2011) ("[The plaintiff] cannot circumvent the Rooker-Feldman doctrine by recasting a request for the district court to review state-court rulings as a complaint about civil rights, due process, conspiracy, or RICO violations.").  Rather, "*Rooker-Feldman* bars a federal claim, whether or not raised in state court, that asserts injury based on a state judgment and seeks review and reversal of that judgment." *Hoblock*, 422 F.3d at 88.  That element is satisfied here.  Even if Plaintiff does not seek "review" of the state court judgment, what he does seek is "reversal." *Id.*  He complains that the state court judgment was unenforceable.  But a judgment is not simply a piece of paper; its worth inheres in its ability to be enforced.  A ruling for Plaintiff thus, "if granted, would seem to 'reverse' the state-court judgment," every bit as much as the hypothetical in *Holbock*. *Id.*

Given its resolution of the motion addressed to subject matter jurisdiction, the Court need not and does not address the questions of res judicata, collateral estoppel, or *Noerr-Pennington*.

## CONCLUSION

Because *Rooker-Feldman* "implicates the federal courts' subject matter jurisdiction, rather than the substantive merits of a case," the Court "lacks the power to dismiss with prejudice." *Charles v. Levitt*, 716 F. App'x 18, 22 (2d Cir. 2017); *see Katz v. Donna Karan Co.*,

7

L.L.C., 872 F.3d 114, 121 (2d Cir. 2017) ("[W]hen a case is dismissed for lack of federal subject matter jurisdiction, 'Article III deprives federal courts of the power to dismiss [the] case with prejudice.'") (quoting *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999). Accordingly, the Complaint is dismissed without prejudice.[1]

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to terminate all pending motions, close the case, and mail a copy of this Opinion and Order to Plaintiff.

SO ORDERED.

Dated: February 25, 2021
New York, New York

LEWIS J. LIMAN
United States District Judge

---

[1] The Court notes, however, that by order dated October 13, 2020, Judge Engelmayer enjoined Brady "from filing any new action in the Southern District of New York that relates in any way to the IGS Lease Agreements, the Personal Guarantees associated therewith, or Brady's businesses' occupation of space in IGS-owned buildings, including any actions concerning the conduct of any attorney, judicial officer, government official, or other third party in relation to the IGS Lease Agreements, or any collateral actions arising from those agreements." *Brady v. IGS Realty Co. L.P.*, No. 19-CV-10142 (S.D.N.Y. Oct. 13, 2020), Dkt. No. 65 at 9.  That order further states that "it should be broadly construed to bar the filing, without leave of this Court, of any case against any defendant that has as a factual predicate the validity or invalidity of the IGS Lease Agreements, Personal Guarantees, other agreements with IGS Realty, or any legal actions that have arisen from those transactions." *Id*.  The instant complaint was excluded from that injunction only because it was filed before the injunction was issued.